884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Amy MCDOWELL, Defendant-Appellant.
 No. 88-5557.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 12, 1989.
Decided August 15, 1989.
 
 Bryan Edward Lessley, Smith, Patterson, Follin, Curtis, James & Harkavy, for appellant.
 David Bernard Smith, Office of the United States Attorney, for appellee.
 Before DONALD RUSSELL, PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Amy McDowell was convicted of violating 21 U.S.C. Sec. 846 (conspiracy to distribute cocaine), 21 U.S.C. Sec. 841(a)(1) (possession with intent to distribute cocaine), and 18 U.S.C. Sec. 1952 (travelling in interstate commerce to carry on an unlawful activity; namely, a business enterprise involving narcotic controlled substances). Her counsel has filed a brief with this Court pursuant to Anders v. California, 386 U.S. 738 (1967). Finding no error in McDowell's convictions, we affirm.
 
 
 2
 In his Anders brief, McDowell's counsel raised two issues: (1) the district court unduly restricted cross-examination of government witness Deborah McDowell by sustaining the government's objection to one question on the ground that it was improper impeachment; and (2) the district judge erred when he "left the door open" for admitting an address book that was not made available to defense counsel until the morning of trial. We find that even if the district court's actions were erroneous, the errors were harmless beyond a reasonable doubt.
 
 
 3
 In an attempt to show Deborah McDowell's willingness to mislead authorities, defense counsel asked her whether it was important for one of her accomplices, James Quinones, to sound believable to authorities when he lied about some money that was seized. The government objected on the ground that defense counsel was trying to impeach Quinones before he testified, and the district court sustained the objection. We find that even if the district court erred in sustaining the objection, the error was harmless beyond a reasonable doubt. Defense counsel had already established Deborah McDowell's approval of a scheme to mislead authorities; she had already testified that she approved of Quinones's fabrication because it was plausible.
 
 
 4
 The second issue raised by counsel in his Anders brief is meritless. As counsel concedes, the government never attempted to admit the address book in question. Thus, any error in ruling that it was admissible was obviously harmless.
 
 
 5
 In her pro se response to defense counsel's Anders brief, Amy McDowell maintains her innocence. She asserts that the prosecution witnesses were not credible and that none of them saw Amy in possession of the cocaine that she allegedly transported from Florida to North Carolina.
 
 
 6
 McDowell is entitled to no relief based on these arguments. It was for the jury to decide whether the government's witnesses were credible. Pigford v. United States, 518 F.2d 831 (4th Cir.1975). In addition, while none of the government's witnesses saw the cocaine in Amy's possession, Deborah McDowell did testify that one of Amy's coconspirators, Bert McDowell, said that Amy had brought the cocaine up from North Carolina. This testimony was properly admitted, see Fed.R.Evid. 801(d)(2)(E), and it was sufficient to permit the jury to find that she had possessed the cocaine and traveled across state lines with it.
 
 
 7
 In accordance with Anders, we have independently reviewed the record and all pertinent papers. We have found no nonfrivolous grounds for this appeal and accordingly affirm the convictions. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court, and oral argument would not significantly assist the decisional process.
 
 
 8
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the plan adopted by the Fourth Circuit Judicial Council for implementation of the Criminal Justice Act of 1964. See 18 U.S.C. Sec. 3006A. These responsibilities include informing his client in writing of his right to petition the Supreme Court for a writ of certiorari. If requested by his client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client. Therefore, counsel's request to withdraw from further representation is denied.
 
 
 9
 AFFIRMED.