914 F.2d 1492
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Earnest Tyrone HARVEY, a/k/a Earnest Tyrome Harvey,
Defendant-Appellant.
 No. 89-5693.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 27, 1990.
Decided Sept. 26, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., District Judge. (CR-89-59-G)
 J. Matthew Martin, Stanback, Stanback & Martin, P.A., Hillsborough, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, John W. Stone, Jr., Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before PHILLIPS, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant, Earnest Tyrone Harvey, was indicted and convicted after a jury trial of bank robbery, armed bank robbery, and carrying and using a firearm in relation to a crime of violence in violation of 18 U.S.C. Secs. 2113(a), 2113(d), and 924(c)(1). His sole contention on appeal is that there was insufficient evidence to sustain the jury verdict. We affirm.
 
 
 2
 * At approximately 10:30 on the morning of March 9, 1989, a black male, wearing no mask or disguise, took approximately $7,000 from the Financial First Federal Savings Bank in Burlington, North Carolina. Two tellers and an assistant vice president of the bank positively identified Harvey as the bank robber. One teller, whom the robber directly approached, described part of his hair as "reddish-blond"--a description matching Harvey's hair. This teller also described seeing silver bullets in the cylinder of the black pistol used by the robber. The second teller testified that a dark colored gym bag (later found in Harvey's room) resembled the bag used in the robbery and which she had filled with money. She also testified that the end of the bullets in the gun were aluminum and that she gave the robber approximately $2,400 in $20 bills. One Jeannette Thompson testified that she knew Harvey and that he had accompanied her to the bank on two or three occasions.
 
 
 3
 Harvey lived with his uncle, an army sergeant, who testified that Harvey left the residence about 9:30 on the morning of the robbery and returned later the same morning. Harvey went into his room and emerged later to give his uncle $600 in $20 denominations--as payment for having resided there for approximately three months and as money for a tombstone for his great-grandmother's grave. The uncle also testified that he owned a blue steel .357 magnum with silver-tip bullets, that he had found the dark colored gym bag in Harvey's room, and that Harvey had asked him to take him to the airport later that morning. Finally, a lab technician described a latent fingerprint from the door handle of the bank as identical to Harvey's right ring finger.
 
 
 4
 In his defense, Harvey offered the testimony of a friend and several relatives in an effort to establish an alibi. The testimony would have established Harvey's presence at locations which would have been incompatible with his presence at the bank at 10:30 a.m. Harvey, in his own behalf, testified that he was a male prostitute and that the $20 bills he gave his uncle were earned from such activities. He testified that at the time the bank robbery was in progress he was in the process of arranging transportation to the local airport for a trip to engage in prostitution.
 
 II
 
 5
 The credibility of witnesses lies within the sole province of the factfinder. Pigford v. United States, 518 F.2d 831, 836 (4th Cir.1975). Therefore, we must sustain the jury verdict against Harvey if, after taking the view most favorable to the government, there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). Viewing the evidence in that light, the appropriate inquiry is whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Jones, 735 F.2d 785, 791 (4th Cir.), cert. denied, 469 U.S. 918 (1984). Guided by these standards, we find ample evidence to sustain the verdict. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and oral argument would not aid in the decisional process.
 
 
 6
 AFFIRMED.