Richard Thomas **PIGFORD**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 75–1627.

United States Court of Appeals,
Fourth Circuit.

Submitted Feb. 17, 1975.

Decided July 1, 1975.

---

832

Richard Thomas Pigford, petitioner pro se.

Thomas P. McNamara, U. S. Atty., for respondent.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

PER CURIAM:

Petitioner, Richard Thomas Pigford, was convicted on a criminal information charging bank robbery and armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d). The convictions were affirmed by this Court in *United States v. Pigford*, 461 F.2d 648 (4th Cir. 1972). Petitioner subsequently filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion, and this appeal follows.

Petitioner's motion to vacate sentence was filed on November 1, 1972 and was amended on November 20, 1972 and again on May 21, 1973. Considering all three petitions, the claims raised by petitioner are as follows: (1) lack of subject-matter jurisdiction; (2) indictment invalid because not returned in open court; (3) statement indicating prejudice made

by juror prior to trial; (4) suppression of evidence; (5) hearing on motion for continuance held in presence of venire; (6) insufficiency of criminal information; (7) vagueness of jury verdict; and (8) insufficiency of evidence.

Petitioner's first two claims were dismissed by the district court in an order dated February 9, 1973. The Court then held an evidentiary hearing on claims (3), (4) and (5); an additional issue, denial of right to be tried on indictment, was raised at the hearing. Claims (6), (7) and (8) were decided on the record. Relief was denied as to all of these claims by order dated February 8, 1974.

With respect to his first claim, lack of subject-matter jurisdiction, petitioner contends that the United States does not have the pecuniary interest in the Federal Deposit Insurance Corporation (FDIC) required to support federal jurisdiction over the crime of robbing a bank insured by the FDIC. Citing 28 U.S.C. § 1349, which provides that

> [t]he district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock,

petitioner alleges that the FDIC retired the capital stock owned by the government in 1947–48, and that the United States therefore no longer has jurisdiction to prosecute bank robbery cases under 18 U.S.C. § 2113.

■ This contention is without merit. Section 1349 pertains only to civil actions, not criminal prosecutions. All that is required here for jurisdiction under Section 2113 is that it be established that the bank in question was insured by the FDIC on the date of the robbery. This was stipulated at petitioner's trial. Nor is there any merit in petitioner's contention that there is no jurisdiction because the FDIC insures only against losses caused by bad banking practices or "financial irregularities," not against robbery. The use of the term "insured

by the [FDIC]" in Section 2113(f) is for the purpose of identifying which banks are covered by Section 2113, and warrants no inference as to the coverage of FDIC insurance.

■ Petitioner's second claim is that an indictment was not returned in open court. This claim is without merit, since petitioner waived prosecution by indictment and elected to be tried on a criminal information instead. The additional claim raised at the evidentiary hearing on this petition, relating to the denial of his right to be tried on an indictment, is without merit for the same reason.

With regard to his third claim, petitioner alleges that before his trial one of the male jurors, in a conversation with a United States deputy marshal, stated that he knew petitioner was guilty, and this statement was allegedly overheard by one Willie Smith, a prisoner in the custody of the marshal at the time of the conversation. Smith testified at an evidentiary hearing held in the district court. He identified Lee W. Tart as the deputy marshal involved in the conversation. However, while he stated that one of the alternate jurors resembled the man who made the statement, he was unable to make a positive identification, and he stated positively that none of the other jurors had made the statement. In addition to Smith's testimony, the district court heard testimony by all male members of the jury that tried petitioner's case, including the alternates, and by Deputy Marshal Tart, to the effect that they had not participated in the alleged conversation. The record also includes affidavits to the same effect on the part of all the deputy marshals present for the term of court at which petitioner's trial took place.

■ On the basis of the above evidence, the district court found as a fact that the alleged conversation between a male juror and a deputy marshal did not occur. This Court will not set aside a district court's findings of fact unless they are "clearly erroneous." Fed.R. Civ.P. 52(a); *Glasscock v. United States,*

323 F.2d 589 (4th Cir. 1963). In light of the evidence presented, we cannot say that the finding in question here was erroneous. In any event, even assuming arguendo petitioner's allegation to be true, the juror in question was an alternate juror who did not participate in the deliberations and verdict of the jury, and thus no prejudice resulted to petitioner from any failure to exclude him as a juror.

As to his fourth claim, petitioner contends that the government suppressed evidence that would have tended to prove that the pistol used in the bank robbery was incapable of being fired, and therefore not a dangerous weapon. Petitioner alleges that one Francis Mulholland, an FBI agent, told petitioner's attorneys after the trial that the pistol was not capable of being fired, and claims that although Mulholland was present at the trial, he made no attempt to correct testimony to the contrary. Mulholland, however, testified at the evidentiary hearing that it was his opinion that the pistol was capable of being fired, that he would have testified to that effect at petitioner's trial if he had been asked about the pistol, and that he never told anyone that the pistol was a harmless weapon. The district court found as a matter of fact that the government did not suppress any evidence tending to prove that the pistol used in the bank robbery was not a dangerous weapon. Again, in light of the evidence presented, we cannot say that this finding was clearly erroneous. *Cf., United States v. Shelton,* 465 F.2d 361, 362–3 (4th Cir. 1972).

Petitioner's fifth contention is that he was prejudiced because the court heard his motion for a continuance in the presence of the venire. However, petitioner made no request that the venire be excused during the hearing on the motion; nor did he challenge the panel selected from that venire. Petitioner knew or should have known at the time the jury was empanelled that the venire had been present during the hearing, and thus his failure to object at that time operated as a conclusive waiver of his right to challenge the panel. *Batsell v. United States,* 217 F.2d 257, 260 (8th Cir. 1954).

In any event, even assuming arguendo that statements made in the course of the hearing were potentially prejudicial and that they were in fact heard by members of the jury that was later empanelled, the jurors presumably were examined on voir dire as to their ability to render an impartial verdict, and were sworn to decide the case on the evidence, without regard to prior prejudicial information. *Cf. Beck v. Washington,* 369 U.S. 541, 556–57, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962); *Stroble v. California,* 343 U.S. 181, 194–95, 72 S.Ct. 599, 96 L.Ed. 872 (1952); *United States v. Sawyers,* 423 F.2d 1335, 1344 (4th Cir. 1970). Petitioner has the burden of proving that any one or more jurors were in fact prejudiced, *Beck v. Washington, supra,* 369 U.S. at 558, 82 S.Ct. 955, and this burden cannot be met by a conclusory allegation.

As to his sixth claim, insufficiency of the criminal information on which he was tried, petitioner contends that the information failed to state all the necessary elements of the offense charged and that it was too vague to allow him to draw a proper defense. Petitioner maintains that since the information contained no charge as to aiding and abetting, in violation of 18 U.S.C. § 2, he could not be convicted of aiding and abetting, since he was not put on notice of the necessity of defending against this charge. There is no merit in this contention. An indictment or information need not specifically charge aiding and abetting in order to support a conviction on that charge. *United States v. Duke,* 409 F.2d 669, 671 (4th Cir. 1969), *cert. denied,* 397 U.S. 1062, 90 S.Ct. 1497, 25 L.Ed.2d 683 (1970). Rather, since Section 2 applies implicitly to all federal offenses, all indictments and informations are to be read as if the alternative provided for in Section 2 were embodied in each count thereof. *United States v. Lester,* 363 F.2d 68, 72

(6th Cir. 1966), *cert. denied,* 385 U.S. 1002, 87 S.Ct. 705, 17 L.Ed.2d 542 (1967).

■ Petitioner also contends that the act of putting someone's life in danger by the use of a dangerous weapon is not an offense without the element of willfulness, and that count two of the information omitted this element. This contention is patently frivolous. Count two charged a violation of 18 U.S.C. § 2113(d), using the precise language of that section, which contains no mention of willfulness. Nor does the fact that Section 2(b) uses the term "willfully" mean that an indictment or information embodying Section 2—as they all do— must speak in terms of willfulness. *Cf. United States v. Gerhart,* 275 F.Supp. 443, 454–55 (S.D.W.Va.1967).

Petitioner's seventh claim is that the jury verdict was too vague. He contends that the jury was charged as to the substantive offenses of bank robbery and armed bank robbery [§§ 2113(a) and (d)], as to aiding and abetting of those offenses [§ 2(a)], and as to causing those offenses to be committed [§ 2(b)]; that the jury's verdict does not specify which of these alternative theories was the basis of their determination of guilt; and that the conviction must therefore be set aside if any of the alternatives charged was impermissible. He maintains that the first alternative was impermissible in that the evidence was insufficient to support a conviction of the substantive offenses.

■ We note in passing that petitioner made no objection to the charge at trial. However, we have nevertheless considered petitioner's allegations and find them to be without merit. The jury was *not* charged in the alternative; rather, it was charged only as to aiding and abetting, as indicated by the following excerpts from the charge:

*   *   *   *   *   *

To convict the defendant, Richard Thomas Pigford, as charged in the first count in the criminal information, the government must convince you beyond a reasonable doubt of three things: *First,* that Wallace E. Walker and Richard Allen Jackson by intimidation took from the person or presence of an employee of the First National Bank of Smithfield, Drive-In Branch, Highway 301 South, Smithfield, North Carolina, certain money; and *second,* that such money was in the care, custody, control, management, or possession of said bank; and *third,* that the defendant, Richard Thomas Pigford, aided and abetted said Walker and Jackson in the commission of said offense.

. . . If you do not so find from the evidence and beyond a reasonable doubt, it would be your duty to find the defendant not guilty as to the first count.

*   *   *   *   *   *

To convict the defendant, Richard Thomas Pigford, as charged in the second count in the criminal information, the government must convince you beyond a reasonable doubt of three things: *First,* that the defendant aided and abetted Walker and Jackson in committing the offense charged in the first count; and *second,* that Walker and Jackson, while committing said offense, did assault or put in jeopardy the life of Mrs. Nancy Parker, an employee of said bank, by the use of a dangerous weapon, to wit, a pistol; and *third,* that the defendant, Richard Thomas Pigford, aided and abetted said Walker and Jackson in the commission of said acts.

*   *   *   *   *   *

. . . If you do not so find from the evidence and beyond a reasonable doubt, it would be your duty to find the defendant not guilty as to the second count.

*   *   *   *   *   *

Thus there is no basis for petitioner's contention that the jury's verdict may have been based upon an impermissible charge.

Petitioner's eighth and last contention, insufficiency of the evidence, is patently frivolous. He contends that it was necessary that the prosecution prove an actual violation by petitioner of 18 U.S.C. § 2113(a) and (d) in order to convict him. This is an inaccurate statement of the law, as 18 U.S.C. § 2 makes one who aids or abets the commission of a federal offense equally guilty as the one who actually commits the offense. The evidence amply supported a conviction of aiding and abetting. We note in particular the testimony given by petitioner's co-defendants, Jackson and Walker. Both men testified that petitioner told them that he had been inside the bank in question and that it only had one teller; that petitioner then gave them instructions as to how they should go about robbing the bank; that they proceeded to rob the bank according to his instructions, while he waited outside by the car; that after they robbed the bank, the three of them together drove to a motel, where petitioner distributed part of the proceeds of the robbery, keeping the rest; and that they subsequently left the motel together, were spotted by the police, attempted to escape, and were apprehended. Both men testified as well that petitioner's instructions involved the use of a gun, and Walker testified that petitioner gave him a gun to use in the robbery and that the gun was loaded and was capable of firing. The testimony of these two men alone, if believed by the jury, was sufficient to sustain a conviction of aiding and abetting an armed bank robbery. The credibility of witnesses is a matter solely within the province of the jury, and is not reviewable by this Court. *United States v. Shipp,* 409 F.2d 33 (4th Cir. 1969), *cert. denied,* 396 U.S. 864, 90 S.Ct. 140, 24 L.Ed.2d 117 (1969).

Having duly considered each of petitioner's contentions and found them all to be without merit, we agree with the district court that the motion to vacate sentence must be denied. Accordingly, although leave to appeal in forma pau-peris is granted, the order of the district court is affirmed.

*Affirmed.*