856 F.2d 187
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis SANTANA a/k/a Luis Ancermor DeLaRosa, Defendant-Appellant.
 No. 88-5528.
 United States Court of Appeals, Fourth Circuit.
 SUBMITTED: June 27, 1988.
DECIDED: Aug. 29, 1988.
 
 Henry E. Hudson, Philip Keith Eure, William G. Otis (Office of the U.S. Attorney), for appellee.
 James Clyde Clark (Land, Clark, Carroll & Mendelson), for appellant.
 Before DONALD RUSSELL, WIDENER and JAMES DICKSON PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Luis Santana, a/k/a Luis Ancermor DeLa Rosa, appeals the district court's denial of his motion to suppress cocaine found concealed on his person. Santana pled guilty to possession of cocaine with intent to distribute (21 U.S.C. Sec. 841(a)(1)); as part of the plea agreement, he reserved the right to appeal the denial of his suppression motion and to withdraw his guilty plea if he should prevail on appeal. We affirm the district court's denial of the motion.
 
 
 2
 Santana was observed by Detective Floyd Johnston of the Drug Enforcement Administration Airport Task Force as he arrived at Washington National Airport on a flight from New York. Santana was wearing a shirt which was hanging loosely outside his pants although it was of the type which is designed to be tucked in. Detective Johnston testified that he approached Santana just outside the terminal, identified himself and asked if he could ask Santana a few questions. Santana was cooperative, and produced his plane ticket (issued to C. Luis) and his wallet, when Johnston asked if he had any identification. The wallet contained no identification. Each time Santana reached into his pocket, he pointedly held down the front of his shirt.
 
 
 3
 Johnston then asked if he could pat Santana down. Santana turned and walked back into the terminal waving for Johnston to follow him. When Johnston asked where they were going, Santana replied that he was looking for someone who spoke Spanish. Johnston said that wasn't really necessary, that if he didn't want to go through with it, it was no big deal, but would he mind if Johnston just patted him down. At that point Santana lifted the front of his shirt briefly as if to indicate that he had nothing to hide. As he did so, Johnston saw the outline of what appeared to be a package about four or five inches in length concealed under his pants. Johnston pointed to Santana's abdominal area, and Santana then broke away quickly as if to flee. Johnston grabbed his arm, put him against a wall, reached inside his pants and retrieved a package containing about 500 grams of a white powder which field tested as cocaine.
 
 
 4
 On appeal, Santana contends that the search was conducted incident to his arrest and that there was no probable cause for his arrest because Detective Johnston could not have seen the outline of the package concealed under his pants. He bases this contention on a demonstration conducted during the suppression hearing, in which Santana appeared dressed in the same clothes he had worn at the airport and, while Johnston was being cross-examined, raised his shirt as he had done at the airport. Johnston failed to notice that Santana had a book hidden under his pants where the package of cocaine had been. The district court found that although the demonstration might have weakened the agent's credibility somewhat, his testimony was still credible. Based on the agent's testimony, the district court found that probable cause to arrest had been present at the time Detective Johnston seized Santana.
 
 
 5
 The credibility of witnesses is solely within the province of the fact-finder and is not subject to review unless clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985); Pigford v. United States, 518 F.2d 831 (4th Cir.1975). Given that at the time of the arrest Johnston was about two feet from Santana and his attention had been called to Santana's abdominal area by Santana's apparent efforts to avoid exposing that area to view, while in court Johnston was about twelve feet from Santana and had no reason to suspect that he was hiding anything under his clothes, we do not find the district court's credibility finding to be clearly erroneous. It follows that our review is limited to whether there was probable cause to arrest at the time Santana was seized. On the facts presented in Detective Johnston's testimony, we find that the facts and circumstances within Johnston's knowledge at the time of the arrest were sufficient to warrant a reasonable belief that Santana was committing an offense. We therefore find that probable cause to arrest was present, Beck v. Ohio, 379 U.S. 89, 91 (1964), that the search was conducted incident to a lawful arrest, United States v. Robinson, 414 U.S. 218 (1973), and that the motion to suppress was properly denied. See also United States v. Lehman, 798 F.2d 692 (4th Cir.1986).
 
 
 6
 Accordingly, we affirm the district court's denial of Santana's motion to suppress and we affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the parties' briefs and the record and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.