869 F.2d 595
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher Cullen WOODARD, Defendant-Appellant.
 No. 88-5117.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 10, 1989.
Decided: Feb. 8, 1989.
 
 Keith W. Waters, for appellant.
 Henry E. Hudson, William G. Otis, Philip Keith Eure (Office of the United States Attorney), for appellee.
 Before DONALD RUSSELL, K.K. HALL and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Christopher C. Woodard appeals an order of the district court which denied his motion to suppress cocaine found on him during a search at Washington National Airport. Woodard pled guilty to possession of cocaine with intent to distribute (21 U.S.C. Sec. 841(a)(1)) and interstate travel in aid of unlawful activity (18 U.S.C. Sec. 1952(a)(3)). Pursuant to a plea agreement, he preserved his right to appeal the denial of his suppression motion. We affirm.
 
 
 2
 Woodard was approached by two agents of the Drug Enforcement Agency's mass transportation detail in a corridor leading to the main terminal after he got off a flight from New York at about 1 p.m. on March 7, 1988. Arlington County Detective Kozich and DEA Agent Alvarez showed Woodard their credentials and asked if Woodard would mind speaking with them. Woodard agreed and showed Kozich his ticket. To get out of the flow of people, all three moved to the side of the corridor. Woodard showed Kozich his driver's license and handed Kozich the two plastic bags he was carrying to be examined when Kozich asked permission to look in them.
 
 
 3
 Next, Kozich asked if he could pat Woodard down. Woodard nodded affirmatively, and raised his arms to facilitate the search. The agents felt hard bulges in the sleeves of his jacket. Woodard did not answer when asked what these were. He was then arrested, and taken to the airport police station where 435 vials of cocaine were found in his jacket sleeves.
 
 
 4
 At the suppression hearing, Woodard testified that he had made no response when the officers asked if they could search him, but that they searched him anyway. The district court accepted the officers' version of events as more credible and found that Woodard had consented to the search. The credibility of witnesses is within the sole province of the trier of fact and is not subject to review. Pigford v. United States, 518 F.2d 831 (4th Cir.1975).
 
 
 5
 On appeal, Woodard contends that even if he did nod his head up and down and raise his arms, this response was too ambiguous to be considered a valid consent. The voluntariness of a defendant's consent to a search is determined by the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973). Woodard maintains that the following factors weigh against his apparent consent's validity: (1) he did not give a verbal consent, (2) he was only nineteen at the time and lacked experience with the law, and (3) he did not know he could refuse permission. We find that none of these factors detract from the very clear consent which he gave to the search. In particular, knowledge of the right to refuse is not necessary for a valid consent. Id.
 
 
 6
 We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and it would not significantly aid the decisional process. We affirm the district court's order denying Woodard's motion to suppress the evidence seized, and we affirm his conviction.
 
 
 7
 AFFIRMED.