922 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Lynn ROWLAND, Defendant-Appellant.
 No. 89-5760.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 5, 1990.
Decided Jan. 15, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CR-89-34-R)
 Harwell M. Darby, Jr., Glenn, Flippin, Feldmann & Darby, Roanoke, Va., for appellant.
 Karen Breeding Peters, Assistant United States Attorney, Roanoke, Va. (Argued), for appellee; E. Montgomery Tucker, United States Attorney, Roanoke, Va., on brief.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Defendant Gary Lynn Rowland appeals his conviction for conspiracy to distribute cocaine and marijuana, and aiding and abetting the distribution of marijuana and cocaine, on the ground of insufficient evidence. Finding the evidence sufficient, we affirm.
 
 
 2
 The appellant was arrested as a result of an undercover investigation and charged with conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. Secs. 846 and 841(a)(1), and with aiding and abetting the distribution of marijuana and cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. At the jury trial, there were three primary government witnesses. The first was Special Agent Diane Mandeville of the Virginia State Police, who testified that she and Beverly Wallace, a confidential informant, arrived at the home of Gary and Carolyn Rowland on December 14, 1988 and asked for drugs. Gary Rowland, appellant, who was present, said that he could get some cocaine or marijuana. Don Howard, who was also present in the Rowlands' living room, stated that he could help get the drugs and quoted a price for cocaine and marijuana. Mandeville testified that she handed the money to Howard, and Howard and Rowland left together.
 
 
 3
 When they returned about an hour and a half later, Gary Rowland handed Special Agent Mandeville a small package of marijuana and Don Howard handed her a small package of cocaine. Rowland also stated that he could provide quaaludes and valium in the future.
 
 
 4
 Beverly Wallace generally corroborated Agent Mandeville's story. After waiving his fifth amendment privilege, Don Howard also testified for the government, corroborating Mandeville's testimony.
 
 
 5
 Defendant Rowland admits that this evidence alone provides substantial evidence supporting the conviction, but claims that upon cross-examination these witnesses so contradicted themselves as to render their testimony "incredible." He points to several instances in which he contends that the evidence of the government's witnesses was refuted. Two of these instances involve confusion in the testimony of Agent Mandeville regarding the make of car the appellant was driving when he went to pick up the drugs. Several other instances involve the testimony of Don Howard, who allegedly contradicted the government's other evidence on such issues as whether it was he or appellant who was driving the car; whether he and appellant were under the influence of drugs when they returned; and whether appellant actually had drugs on his person when they left to purchase more drugs.
 
 
 6
 The appellant also alleges that his evidence was more credible because it consistently showed that he was not involved in the drug transaction.
 
 
 7
 When taken in the light most favorable to the government, Glasser v. United States, 314 U.S. 60, 80 (1942); United States v. Samad, 754 F.2d 1091, 1096 (4th Cir.1984), the evidence more than adequately sustains the jury's verdict. As for his arguments on appeal, appellant has not pointed to any conflicting evidence which goes to the heart of the government's case. The only effect of the conflicting testimony would be to reduce the witness' credibility. Because the evaluation of credibility is within the province of the jury and not reviewable upon appeal, Pigford v. United States, 518 F.2d 831, 836 (4th Cir.1975), the verdict must be affirmed.
 
 
 8
 AFFIRMED.