949 F.2d 396
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie ROGERS, Defendant-Appellant.
 No. 91-5515.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 14, 1991.
Decided Dec. 11, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CR-90-284-A)
 Michael J. Cassidy, Fairfax, Va., for appellant.
 Kenneth E. Melson, United States Attorney, Michael E. Rich, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, PHILLIPS and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Willie Rogers appeals his conviction of possessing an unauthorized weapon capable of causing serious bodily injury or death while he was an inmate at Lorton Reformatory. Va.Code Ann. § 53.1-203(4) (Michie 1991), assimilated by 18 U.S.C. § 13 (1988).
 
 
 2
 Rogers resided in a dormitory which housed thirty-two inmates. Sergeant Thomas and Corporal Spain, two Lorton correctional officers, conducted a routine random shakedown of Rogers' dormitory. They searched the area around Rogers' bed and asked Rogers to identify the items which belonged to him. One of the items Rogers identified as belonging to him was a vinyl folder or bag which the officers found under his bed. When Thomas picked the folder up, a metal object fell out. He bent over to pick the object up, and two others fell out of the bag. The objects were sharpened pieces of metal, between eight and ten inches long, known as shanks. Thomas testified that when the first shank fell out of the bag, he observed Rogers tighten or stretch his lips. The folder also contained several personal letters addressed to Rogers. Thomas testified that prior to the date of the search on every occasion he saw Rogers around the prison, Rogers was carrying the folder under his arm.
 
 
 3
 Rogers denied knowing anything about the shanks. He testified that he was frequently away from the dormitory, and that the area around his bed was not secured; he claimed that anyone could have placed the shanks in the folder. He also claimed that he was close to parole and would not have jeopardized his chance for release by having any weapons in his possession.
 
 
 4
 The court made findings of fact in pronouncing judgment. One of those findings was that Rogers was not a credible witness. The court found that Rogers had unauthorized shanks in his possession and sentenced him to thirty-three months, the lowest sentence in the applicable guidelines range. Rogers appealed.
 
 
 5
 On a challenge for sufficiency, the evidence is viewed in the light most favorable to the government. Jackson v. Virginia, 443 U.S. 307 (1979). The Court does not review the determination of credibility of the witnesses. Glasser v. United States, 315 U.S. 60, 80 (1942); Pigford v. United States, 518 F.2d 831 (4th Cir.1975). The Court should allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982)
 
 
 6
 Rogers was convicted of knowingly possessing an unauthorized weapon capable of causing serious bodily injury or death while he was an inmate at Lorton. See Va.Code Ann. § 53.1-203(4), assimilated by 18 U.S.C. § 13. The only issue on appeal is whether the defendant knowingly possessed the shanks.* We hold that when viewing the facts in the light most favorable to the government, there was sufficient evidence to establish the elements of knowing possession of an unauthorized weapon beyond a reasonable doubt. The correctional officers who conducted the search testified that Rogers identified the vinyl folder as his, several letters addressed to Rogers were in the folder, and the shanks were in the folder. While it is possible that another inmate put the shanks into Rogers' folder while he was away from his dormitory there was also evidence that Rogers carried the folder with him while he was away from the dormitory. It is not necessary for circumstantial evidence to exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir.1989); United States v. Bobo, 477 F.2d 974, 989 (4th Cir.1973), cert. denied, 421 U.S. 909 (1975). Because the folder and its other contents belonged to Rogers, and because it is possible, when viewing the evidence in the light most favorable to the government, to find that Rogers kept the folder with him, it is reasonable to infer that he knowingly possessed the shanks which were in the folder.
 
 
 7
 There is evidence from which a reasonable trier of fact could have found Rogers guilty beyond a reasonable doubt. Tresvant, 677 F.2d at 1021. Therefore, we affirm Rogers' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Rogers stipulated to three of the elements of the offense: that he was an inmate at Lorton, that he was not authorized to possess a weapon, and that Lorton was in the jurisdiction of the United States. He does not contest that the shanks were capable of causing serious bodily injury or death. The only remaining issue, then, is whether he knowingly possessed the shanks