953 F.2d 640
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Felix ORIAKHI, Defendant-Appellant.
 No. 91-5147.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 3, 1991.
Decided Jan. 13, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore, No. (CR-90-72-K), Frank A. Kaufman, Senior District Judge.
 Argued: Morris Lee Kaplan, Kaplan & Kaplan, Baltimore, Md., for appellant; Robert Reeves Harding, Assistant United States Attorney, Baltimore, Md., for appellee.
 On Brief: Richard D. Bennett, United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before K.K. HALL and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 A jury in the United States District Court for the District of Maryland convicted Felix Oriakhi of one count of conspiracy to possess and distribute heroin in violation of 21 U.S.C. § 846 and four counts of interstate travel in furtherance of an unlawful conspiracy to possess and distribute heroin in violation of 18 U.S.C. §§ 2 and 1952. On appeal, Oriakhi contends that the evidence was insufficient to convict. A jury verdict must be affirmed if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Vogt, 910 F.2d 1184, 1193 (4th Cir.1990). Judged by that standard, Oriakhi's appeal is without merit.
 
 
 2
 The government's evidence tended to show that Oriakhi, a resident of New York, operated as the main source of heroin to a group of drug dealers in Maryland. The government presented the testimony of numerous members of the conspiracy, who described Oriakhi's frequent interstate travels to participate in the conspiracy. The government also presented wiretaps featuring Oriakhi's voice. This evidence was interpreted by Oriakhi's coconspirators and a Baltimore County Police detective. The taped conversations were augmented by videotapes of Oriakhi arriving and departing from places where, witnesses testified, exchange of money for drugs took place. Documentary evidence also tended to confirm the details of Oriakhi's participation. A representative of a Nigerian bank testified about the flow of funds to and from Oriakhi's account. Finally, Oriakhi himself testified, giving his explanation of the evidence, and he was subject to cross-examination by the government that revealed prior conduct impeaching his credibility. The jury had ample opportunity to reach a decision about the credibility of Oriakhi and his accusers. Such a credibility determination is uniquely within the province of a jury and is not subject to reversal on appeal. Pigford v. United States, 518 F.2d 831, 836 (4th Cir.1975).
 
 
 3
 Oriakhi argues that the coconspirators' testimony is incredible because they are felons who hoped to receive favorable sentencing in exchange for their testimony. However, the facts about the witnesses' backgrounds and their incentive to cooperate were presented to the jury and explored on cross-examination; the jury's evaluation of such accomplice testimony is not to be reweighed by appellate courts unless the testimony is "unbelievable on its face." United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir.1985). Even "uncorroborated testimony of an accomplice may be sufficient to sustain a conviction." United States v. Manbeck, 744 F.2d 360, 392 (4th Cir.1984). In this case, the accomplices' testimony was corroborated both by other witnesses and by documentary and electronic evidence. The record discloses no grounds for disturbing the judgment of the district court.
 
 
 4
 AFFIRMED.