8 F.3d 821
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glen CURRY, a/k/a Glenn Curry, a/k/a William Glen Curry,
a/k/a Glenn William Curry, a/k/a Glen R. Curry, a/k/a
Raymond Cartwell, a/k/a Glenn W. Curry, a/k/a Raymond Curry,
Jr., a/k/a George Edward Curry, a/k/a Glenn William Ennis,
a/k/a Raymond Cartibell, a/k/a George Ronalds, Defendant-Appellant.
 No. 92-5173.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 14, 1993.
Decided: October 26, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Randolph O. Gregory, Sr., Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Christine Manuelian, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before HALL and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Glen Curry entered a guilty plea to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 924(a)(1)(A) (West Supp. 1992), reserving the right to appeal the district court's denial of his motion to suppress evidence. Because we find the search constitutional, we affirm.
 
 
 2
 Two officers stopped Curry while Curry was driving a car registered to Angela Anderson. Curry did not have a driver's license or any identification. Both officers noticed that Curry seemed nervous and fidgety. Officer Festerman, one of the arresting officers, testified at the suppression hearing that while Curry was answering the officer's questions, Curry removed a bag from his shoulder, placed it between his seat and the passenger seat, and began to fiddle with it. The second officer, Officer Keller, observed Curry unzipping the bag and warned Festerman of Curry's actions. Festerman ordered Curry from the car and searched the bag, finding a gun inside. Curry was then arrested. Curry moved to suppress the gun as illegally seized. At the suppression hearing Curry testified, in contradiction to the officers' testimony, that he never attempted to open the bag. The district court found that the totality of the circumstances justified the officers' fear for their safety and that the search was therefore proper. Curry pled guilty and appealed.
 
 
 3
 We review the legal conclusions relied on by the district court to deny a motion to suppress de novo, and review factual findings for clear error. United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (1992).
 
 
 4
 Curry concedes that the initial Terry* stop of his car was proper. Thus, to determine whether the officers' search of the bag exceeded the parameters of a Terry stop we must determine whether the police officers had a reasonable belief, based on specific and articulable facts, which taken together with the rational inferences from those facts, warranted them in believing that Curry was dangerous and could gain immediate control of a weapon. Michigan v. Long, 463 U.S. 1032, 1049 (1983).
 
 
 5
 Based on the testimony of Officers Festerman and Keller, and the dangerous nature of traffic stops, their belief that Curry was a threat to their safety was reasonable. Curry appeared nervous, he moved the bag so it was in easy reach, and he began to open it. Further, he was driving a car he did not own, without a license or any form of identification. Additionally, there is no evidence in the record to suggest that the officers were not credible, see Pigford v. United States, 518 F.2d 831 (4th Cir. 1975); thus, the district court's decision to believe their version of events was not clearly erroneous.
 
 
 6
 We affirm the district court's denial of Curry's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Terry v. Ohio, 392 U.S. 1 (1968)