17 F.3d 1435
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronson O'Shea BARNWELL, Defendant-Appellant.
 No. 93-5457.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1994.
Decided Feb. 16, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Jackson L. Kiser, Chief District Judge. (CR-92-142).
 James Joseph Angel, Lynchburg, VA, for appellant.
 Robert P. Crouch, Jr., U.S. Atty., Ruth E. Plagenhoef, Asst. U.S. Atty., Roanoke, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN, NIEMEYER and WILLIAMS.
 OPINION
 PER CURIAM:
 
 
 1
 Ronson O'Shea Barnwell was indicted, inter alia, on charges of use of a firearm in connection with drug trafficking in violation of 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1993).* An undercover officer made two purchases of cocaine on September 11 and 12, 1992, in the living room of Barnwell's apartment. On September 17, when the indictments for those purchases were served at Barnwell's apartment, officers found and seized twenty-three grams of crack cocaine found on the living room coffee table, and a Davis .38 caliber semiautomatic pistol found in a nightstand drawer in the back bedroom of Barnwell's apartment. The conviction at issue relates to the firearm seized on September 17.
 
 
 2
 At trial, Barnwell denied owning the firearm, claiming that it belonged to a friend who placed it in the nightstand on September 17, the day the indictments were served on Barnwell and the firearm seized. The Government presented evidence that the firearm seized on September 17, 1992, was the same model and had the same serial number of a firearm Barnwell purchased between April and June 1992. The Government further introduced evidence that Barnwell had various drug paraphernalia and accoutrements throughout his apartment. The parties stipulated that the apartment belonged only to Barnwell.
 
 
 3
 At the close of the Government's evidence, and again before the case was submitted to the jury, Barnwell's attorney moved for acquittal. The motions were denied. The jury found Barnwell guilty of both firearm charges. Barnwell now appeals, seeking reversal of the district court's denial of his motion for judgment of acquittal on the ground that the Government failed to present sufficient evidence from which the jury could infer that Barnwell used or carried a firearm during and in relation to a drug trafficking crime. He asserts that the Government did not prove that the location of the firearm was within immediate access, within arm's reach, or that the drugs were intimately connected with the weapon. Barnwell asserts that, consequently, no rational trier of fact could have convicted him of this count, and that the district judge erred in failing to grant his motion for acquittal.
 
 
 4
 We find the evidence sufficient to support Barnwell's conviction and affirm both the conviction and the district court's denial of his motion for acquittal.
 
 
 5
 A jury verdict must be sustained if there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). The relevant question is whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts established to those sought to be proven. Tresvant, 677 F.2d at 1021. In resolving issues of substantial evidence, this Court does not weigh evidence or review witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Furthermore circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir.1989).
 
 
 6
 Contrary to Barnwell's contention, it is not necessary that the firearm be in immediate proximity or within arm's reach to establish constructive possession. United States v. Paz, 927 F.2d 176, 179 (4th Cir.1991) (firearm found under mattress of a bed in defendant's room). "Constructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over the item[,]" United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.), cert. denied, 447 U.S. 925 (1980), and has knowledge of the item's presence. United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992). Both of these elements may be established by circumstantial evidence. Bell, 954 F.2d at 235; United States v. Zandi, 769 F.2d 229, 235 (4th Cir.1985).
 
 
 7
 We have held that to establish constructive possession of a firearm in relation to a drug transaction, "it is enough[for purposes of Sec. 924(c)(1) ] if the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used." United States v. Brockington, 849 F.2d 872, 876 (4th Cir.1988); see also United States v. Peay, 972 F.2d 71, 75 (4th Cir.1992) (evidence sufficient where agents, executing search warrants, found weapon in house and office where defendant had conducted drug transactions), cert. denied, 61 U.S.L.W. 3479 (U.S.1993).
 
 
 8
 In this case, the issue of ownership of the firearm was one of credibility which the jury apparently decided against Barnwell. We will not review this finding. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989); Pigford v. United States, 518 F.2d 831, 836 (4th Cir.1975). In addition, we conclude that substantial evidence supports the jury's finding that Barnwell's weapon was being used in connection with his drug trafficking, particularly because the apartment belonged solely to Barnwell and was the location of several of Barnwell's drug deals, drug paraphernalia was found in all three rooms of the apartment, and the firearm was found in the same drawer as a list of drug contacts. This evidence, taken in the light most favorable to the Government, was sufficient to lead any rational jury to conclude that Barnwell had the weapon present for protection and to facilitate success in his drug dealing endeavors and that, under the totality of the circumstances, Barnwell constructively possessed the firearm. We therefore affirm the conviction.
 
 
 9
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Barnwell was convicted of several other drug and firearm charges not at issue here