35 F.3d 556
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Larry Gene PARRIS, Plaintiff-Appellant,
v.
Tony LYNCH, Defendant-Appellee.
 No. 93-7022.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 9, 1994.
Decided Sept. 9, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. David C. Norton, District Judge. (CA-91-3589)
 Larry Gene Parris, appellant pro se.
 Edwin Pruitt Martin, Sr., W. Howard Boyd, Jr., Gibbes & Clarkson, P.A., Greenville, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before WILKINSON and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Larry Gene Parris appeals an adverse jury verdict in his action filed pursuant to 42 U.S.C. Sec. 1983 (1988), in which he claimed a violation of his constitutional rights incident to his arrest on January 20, 1989. Specifically, the jury found for Officer Tony Lynch on the issues of whether Lynch used excessive force in effecting Parris's arrest, whether the arrest was made unlawfully, and whether Lynch's entry into Parris's residence was unlawful. Based on our review of the record, including the trial transcript, we affirm.
 
 
 2
 This Court may reverse a jury verdict only when there is a complete absence of probative facts to support the conclusions reached by the jury. Sherrill White Constr., Inc. v. South Carolina Nat'l Bank, 713 F.2d 1047, 1050 (4th Cir.1983). This verdict must stand if, taking the evidence in the light most favorable to Defendant, there is "any substantial evidence" to support it. See Vodrey v. Golden, 864 F.2d 28, 30 n. 4 (4th Cir.1988). "Substantial evidence" is such evidence as a reasonable mind might accept as adequate to support the conclusion even if different conclusions also might be supported by the evidence. Gibralter Sav. v. LDBrinkman Corp., 860 F.2d 1275, 1297 (5th Cir.1988), cert. denied, 490 U.S. 1091 (1989).
 
 
 3
 Here, there was evidence that Parris's Fourth Amendment right to be free from warrantless searches and seizures absent valid consent was not violated because another occupant of the residence consented to Lynch's entry. See Illinois v. Rodriguez, 497 U.S. 177, 185-86 (1990); United States v. Kinney, 953 F.2d 863, 866 (4th Cir.), cert. denied, 60 U.S.L.W. 3842 (U.S.1992).
 
 
 4
 In addition, substantial evidence was introduced that the force used by Lynch to effect the arrest of Parris was objectively reasonable. See Graham v. Connor, 490 U.S. 386, 396 (1989). Finally, as to Parris's claim of unlawful arrest, we find that ample evidence was introduced that Parris was acting in a disorderly manner, in violation of South Carolina law, and that Lynch had probable cause to arrest Parris. See Hunter v. Bryant, 60 U.S.L.W. 3432 (U.S.1991); Rainey v. Conerly, 973 F.2d 321, 323 (4th Cir.1992).
 
 
 5
 We find that, taking the evidence in the light most favorable to Lynch, there is substantial evidence to support the jury's verdict in favor of Lynch. See Vodrey v. Golden, 864 F.2d at 30 n. 4. Moreover, because assessing the weight of evidence and the credibility of witnesses is within the sole province of the fact-finder, the jury's determination that the defense witnesses were more credible than Parris and his witnesses is not reviewable on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989); Pigford v. United States, 518 F.2d 831, 836 (4th Cir.1975).
 
 
 6
 Accordingly, we affirm the jury's verdict. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED