46 F.3d 1127
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph HARRIS, Jr., Defendant-Appellant.
 No. 93-5689.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 28, 1994.
 Decided Jan. 9, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Richard B. Kellam, Senior District Judge. (CR-93-25-NN)
 James Stephen Ellenson, Newport News, VA, for appellant.
 Helen F. Fahey, U.S. Atty., Arenda L. Wright Allen, Asst. U.S. Atty., Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Joseph Harris, Jr. appeals from his jury convictions of three counts of distribution of cocaine base (21 U.S.C. Sec. 841(a)(1) (1988)) and one count of possession of a firearm in relation to a drug trafficking crime (18 U.S.C.A. Sec. 924(c)(1) (West Supp.1994)) and his resulting sentences. We find that the court did not err in permitting the jury to have transcripts of tape-recorded conversations while they listened to the tapes in the courtroom or in enhancing Harris's criminal offense level for obstruction of justice under U.S.S.G. Sec. 3C1.1. We have also considered issues Harris raised in his pro se supplemental brief, which he filed with permission from this Court. After reviewing Harris's brief and a response from the Government on the issues Harris raised,[1] we find that the evidence was sufficient to support his convictions and that the court did not err in instructing the jury.
 
 
 2
 Testimony at trial disclosed that Harris was a supplier of cocaine to Hartman, who agreed to cooperate with the Government in introducing an undercover agent ("Brooks") to Harris for the purpose of acquiring crack cocaine. Both Hartman and Brooks testified that they met with Harris three times to purchase crack. During the first sale, Hartman wore a "body wire" that recorded the transaction; they testified that Hartman obtained the cocaine from Harris and relayed it to Brooks. The second buy occurred at a restaurant; prior to that meeting, Brooks monitored a telephone conversation between Harris and Hartman in which they arranged the sale. That transaction occurred with Hartman again functioning as an intermediary between Brooks and Harris. The third transaction occurred in the same manner at another restaurant. There were no recorded conversations in relation to that sale.
 
 
 3
 Harris made a motion in limine on the first day of trial to prevent the Government from publishing to the jury transcripts of tape recordings of the two recorded conversations. The court denied the motion, and permitted the jury to have copies of a transcript of the recordings as they listened to the tapes. The transcripts were not entered as evidence and were retrieved from the jurors after they listened to the tapes.[2] The government agent testified that the transcripts were both accurate representations of what occurred. The court also instructed the jury that the transcripts were only an aid and that they were to rely on their hearing of the tape.
 
 
 4
 Whether to allow the use of transcripts to aid in the presentation of tape-recorded evidence is within the district court's sound discretion. United States v. Collazo, 732 F.2d 1200, 1203 (4th Cir.1984), cert. denied sub nom., Alvarez v. United States, 469 U.S. 1105 (1985). Since the government agent testified as to the accuracy of the transcripts and the court gave the jury a cautionary instruction on their use, we find that the district court did not abuse its discretion in permitting the jury to use the transcripts as an aid while listening to the tapes.[3]
 
 
 5
 Harris asserts that the court improperly enhanced his criminal offense level two levels for obstruction of justice under U.S.S.G. Sec. 3C1.1. Under that section of the Guidelines, a court may increase an offense level two levels if it finds that a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." On a proper determination that the defendant committed perjury at trial, a sentence may be enhanced for obstruction of justice. United States v. Dunnigan, 61 U.S.L.W. 4180 (U.S.1993). When there is an objection to such an enhancement, the district court must "review the evidence and make independent findings necessary to establish" that the defendant committed perjury. Id. at 4183.
 
 
 6
 Harris testified at trial that he did not provide drugs to Hartman, that it was not his voice on the first tape recording, and that the transcript of the second recording was inaccurate. He stated that someone else ("Gilliam") handed the drugs to Hartman. This testimony contradicted testimony from Brooks and Hartman. Gilliam testified that he did not possess any controlled substances while in the car with Harris.
 
 
 7
 The court stated at the sentencing hearing that it was of the view that Harris "had not told the truth, that he had absolutely committed perjury when he suggested that he didn't make the sales, and the direct evidence from the agent was that he made the purchases from him. They were absolutely contradictory of each other." After hearing testimony from Brooks, the court found "the evidence is sufficient to establish beyond any question that he [Harris] obstructed justice in his actions and conduct."
 
 
 8
 Since the obstruction of justice enhancement primarily involves a factual determination, we review the district court's action under a clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989). We find that the testimony at trial and at the sentencing hearing supports the district court's conclusion that Harris committed perjury during his testimony. Therefore, the court's enhancement under Sec. 3C1.1 was not clearly erroneous.
 
 
 9
 Harris alleges that the evidence was insufficient to support his convictions. We disagree. This Court must sustain a jury verdict if there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). The relevant question is whether, viewing in the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reason able inferences from the facts established to those sought to be proven. Tresvant, 677 F.2d at 1021. In resolving issues of substantial evidence, this Court does not weigh evidence or review witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 10
 In relation to his three convictions for distribution of cocaine base, Harris alleges that the Government failed to prove that he knowingly and intentionally possessed the cocaine that Brooks obtained through Hartman. Both Hartman and Brooks testified that Harris provided the cocaine in each of the three drug transactions. Construing their testimony and any inferences that might be drawn therefrom in the light most favorable to the Government, we find it sufficient to support Harris's three drug convictions.
 
 
 11
 As for his conviction of possession of a firearm in relation to a drug trafficking crime, the evidence is also sufficient when construed in the light most favorable to the Government. Two loaded guns were recovered from Harris's vehicle when he was arrested; one was under the driver's seat, and the other was in the console next to where Harris was sitting in the car. The officers also recovered a receipt for the purchase of one of the guns in Harris's name. Harris also acknowledged that the guns were his; that he carried them for protection; that he had purchased the gun listed on the receipt; and that he went on drug deals armed. This evidence sufficiently establishes a violation of 18 U.S.C. Sec. 924(c)(1) since it is clear the firearms were present for protection and to facilitate the likelihood of success. See United States v. Brockington, 849 F.2d 872, 876 (4th Cir.1988).
 
 
 12
 Harris also asserts that the court should not have given an instruction on aiding and abetting when his indictment did not charge him with aiding and abetting any offense. Since defense counsel did not object to the jury instructions, we review this claim for plain error. Fed.R.Crim.P. 52(b). To reverse for plain error, this Court must: (1) identify an error; (2) which is plain; (3) which affects substantial rights; and (4) which "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S.1993). We find no such error.
 
 
 13
 Aiding and abetting is implicit in all federal offenses, and all indictments and informations are to be read as if each count embodies aiding and abetting as an alternative. United States v. Pigford, 518 F.2d 831, 834 (4th Cir.1975). In addition, Harris testified that Gilliam actually distributed the drugs and that he was present only to facilitate the transactions. Thus, we find the court did not commit plain error in giving the aiding and abetting instructions.
 
 
 14
 For these reasons, we affirm Harris's convictions and sentences. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 We grant the Government's motion to file a supplemental joint appendix which has been tendered
 
 
 [2]
 Since there were some discrepancies between two transcripts of the first tape recording, the jury was permitted to have two transcripts to aid them in listening to that tape
 
 
 [3]
 We find that defense counsel's motion in limine was sufficient to preserve the issue for appellate review as to both transcripts even though he did not reiterate his objection as to the transcript of the second conversation