**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4802

RICHARD MAGGIOLO, a/k/a Richard
Kevelier,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Terrence W. Boyle, Chief District Judge.
(CR-96-62-BO)

Submitted: July 7, 1998

Decided: July 20, 1998

Before WILLIAMS and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James M. Ayers, II, New Bern, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Yvonne V. Watford-McKinney, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard Maggiolo was convicted by jury of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (1994). Maggiolo alleges that the Government produced insufficient evidence to convict him of the offense. Finding no error, we affirm.

Maggiolo was indicted with many other individuals in a far-reaching cocaine conspiracy. Daniel Marte was the leader of the large scale organization that distributed narcotics from Marte's apartment and pizzeria in New York City to dealers in New York City, Henderson, North Carolina, and Ohio. Marte employed Maggiolo as well as numerous individuals to staff his large enterprise.

At trial, Maggiolo denied any involvement in the conspiracy. He claimed to have acted only as a caretaker for Marte, who was paralyzed. Maggiolo testified that he would bathe and dress Marte and occasionally drive him places. Although Maggiolo did not have any physical therapy training, he stated that he would provide therapy to Marte, including massages.

Maggiolo testified that he worked for Marte for only three to four months. Maggiolo claims that toward the end of his employment, Marte asked him to go to Henderson, North Carolina, and pick up a contract for the sale of the pizzeria. Maggiolo testified that he flew to Henderson on one airline, checked into a hotel, received an envelope from an anonymous person, and returned to New York City using a different airline. He stated that when he gave the envelope to Marte, he saw that it had cash in it. Marte handed Maggiolo one hundred dollars for making the trip. A few days later, Maggiolo discovered a shoe bag full of money in Marte's closet. He testified that he became scared after that and left Marte's employment that day and did not continue to take care of Marte.

2

The Government presented evidence that Maggiolo's involvement with Marte and his conspiracy was much more extensive than Maggiolo admitted. The Government presented the testimony of Daniel Marte, Carlos Villalona, and Rafael Reyes, all charged and convicted co-conspirators of Maggiolo, and Charles Thompson, a postal inspector who began investigating the case in North Carolina. At the time of their testimony in Maggiolo's trial, Marte had already been tried and convicted and Villalona and Reyes had pled guilty.

The testimony of the co-conspirators revealed that Maggiolo had extensive involvement in the conspiracy. Marte testified that he taught Maggiolo how to cook crack cocaine and that, although he was not sure of the exact amount Maggiolo cooked for him, he estimated that it was at least "many kilo[gram]s." (JA 30). Marte also testified that Maggiolo would count money from distribution proceeds for him. Finally, Marte testified that Maggiolo volunteered to travel by plane to Henderson, North Carolina, for him in mid-1993. He testified that Maggiolo flew to Henderson to meet a distributor and give him 250 grams of cocaine base to sell. Marte stated that Maggiolo returned with $14,000 to $15,000 of proceeds from the sale.

Carlos Villalona testified to his own involvement in the conspiracy and that of Maggiolo. He testified that twice each week, over a six to seven month period, he would deliver proceeds from sales of cocaine in either North Carolina or Ohio to Maggiolo and/or two or three other individuals. Each time the amount was approximately $250,000. Rafael Reyes testified that he saw Maggiolo count over $300,000 at one time.

Maggiolo argues that the testimony of his three co-conspirators was not sufficient to convict of the conspiracy count. He alleges that their testimony is uncorroborated and uncertain concerning dates and amounts. He also alleges that their testimony is not credible because they hoped for reductions in their sentences for their cooperation in his prosecution. A co-conspirator's uncorroborated testimony is admissible and sufficient upon which to base a conviction. See United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993). Further, the credibility of witnesses is a jury determination, and will not be disturbed on appeal. See United States v. Saunders , 886 F.2d 56, 60 (4th Cir. 1989); Pigford v. United States, 518 F.2d 831, 836 (4th Cir.

3

1975). The Assistant United States Attorney elicited testimony as to why the witnesses were testifying and what they hoped to receive in return. Maggiolo's counsel also inquired into the reasons for their testimony. Accordingly, we will not disturb the jury's credibility findings.

Maggiolo alleges that the Government presented insufficient evidence at trial to convict him of the conspiracy charge. We honor the rule that a jury verdict "`must be sustained  if there is substantial evidence, taking the view most favorable to the Government, to support it.'" See United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). After reviewing the evidence presented by the Government and Maggiolo at trial, we conclude that the jury had sufficient evidence to support the conviction.

Maggiolo also states in his brief that it is inequitable for his co-conspirators to receive lesser sentences than he did. However, the district court is not required to consider the sentence of a co-defendant. See United States v. Foutz, 865 F.2d 617, 621 (4th Cir. 1989). Thus, Maggiolo's disparate sentence claim is meritless.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4