**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4577

HECTOR HERRAND,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-97-67)

Submitted: March 9, 1999

Decided: March 25, 1999

Before HAMILTON and TRAXLER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Terry N. Grinnalds, Hampton, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Robert E. Bradenham II, Assistant
United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Hector Herrand was convicted by a jury of one count of conspiracy to distribute cocaine base in violation of 21 U.S.C.§ 846 (1994), and one count of distribution of cocaine base in violation of 21 U.S.C.A. § 841(a)(1), (b) (West 1981 & Supp. 1998) and 18 U.S.C. § 2 (1994). He was sentenced to a 262 month term of imprisonment. He appeals his conviction. Finding no error, we affirm.

Herrand was indicted for his role in a cocaine base conspiracy. Guillermo Minier was the cocaine base supplier; Herrand was one of Minier's couriers. Herrand delivered cocaine base from New York to the Eastern District of Virginia and carried money back to Minier in New York.

At trial, the Government presented the testimony of three members of a Newport News drug ring that frequently purchased cocaine base from Minier's operation, and the testimony of Minier himself. These four witnesses all said that Herrand was a courier for Minier. They testified that Herrand made several trips to transport cocaine base during the time period covered by the indictment. Various law enforcement officials also testified and placed Herrand in a vehicle in which $10,000 in cash was found in a secret compartment. Herrand did not present any evidence.

Herrand argues that the evidence was not sufficient to support the convictions. In reviewing for sufficiency of the evidence, the standard employed by this court is whether the evidence was "sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). The evidence is viewed in the light most favorable to the government. See id. at 1437.

Minier and the drug ring members who testified against Herrand had all entered into agreements with the government whereby they would be eligible for a reduction in their sentences if they provided assistance to the government. Herrand argues that because of such

agreements, the witnesses had a powerful incentive to lie and that, therefore, their testimony was so tainted that it should not be considered.

Herrand concedes, as he must, that the law does not support his position. (Appellant's Br. at 13). "The settled law of this circuit recognizes that the testimony of a defendant's accomplices, standing alone and uncorroborated, can provide an adequate basis for conviction." United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993).

Moreover, both the Assistant United States Attorney and Herrand's attorney questioned the four witnesses about their plea agreements or their hope for a reduced sentence in exchange for their testimony, thus presenting a basis for the jury to discredit their testimony. The jury nevertheless credited their testimony and such determinations, being for the jury, must not be disturbed on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989); Pigford v. United States, 518 F.2d 831, 836 (4th Cir. 1975).

Accordingly, we affirm Herrand's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3