21 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Thomas ELLIS, a/k/a Shawn Delawder, Defendant-Appellant.
 No. 93-5784.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 5, 1994.
Decided April 15, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. William M. Kidd, Senior District Judge. (CR-92-126)
 E. Kay Fuller, Martin & Seibert, Martinsburg, WV, for appellant.
 Thomas Oliver Mucklow, Asst. U.S. Atty., Wheeling, WV, for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN and LUTTIG, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Thomas Ellis appeals his conviction for aiding and abetting, and distribution of crack cocaine within 1000 feet of real property comprising a school, in violation of 18 U.S.C.Sec. 2 (1988); 21 U.S.C. Sec. 841(a)(1) (1988); 21 U.S.C.A. Sec. 860 (West Supp.1993). Ellis's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), contending that the evidence was insufficient to convict Ellis, but asserting that there are no meritorious issues for appeal. Ellis was notified of his right to file a supplemental brief, but has not done so.
 
 
 2
 In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal. We find that substantial evidence supports the jury's verdict that Ellis was involved in the sale of crack to undercover agents. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Glasser v. United States, 315 U.S. 60, 80 (1942). Specifically, Ellis was identified by one of the undercover officers and the government informant as the person who sold drugs to the officers near the school, and a lab report positively identified the drugs as crack cocaine.*
 
 
 3
 We deny defense counsel's motion to withdraw. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A.Sec. 3006A (West 1985 & Supp.1993)), this Court requires that counsel inform her client, in writing, of his right to petition the Supreme Court for further review. If requested by her client to do so, counsel should prepare a timely petition for a writ of certiorari and take such steps as are necessary to protect the rights of her client.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We note that Ellis failed to object to the use of the name Shawn Delawder on the indictment prior to trial, Fed.R.Crim.P. 12(b)(2), so this claim was waived, Fed.R.Crim.P. 12(f). Further, he has not established prejudice sufficient to overcome the waiver. See United States v. Wilson, 895 F.2d 168, 173 (4th Cir.1990). Finally, Ellis presented a defense of mistaken identity, and the jury ultimately rejected this claim; we will not overturn the jury's factual finding absent compelling evidence not present in this case. Pigford v. United States, 518 F.2d 831, 836 (4th Cir.1975)