**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4112**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HARRISON LEWIS, III,

Defendant - Appellant.

**No. 04-6660**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HARRISON LEWIS, III,

Defendant - Appellant.

Appeals from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.  (CR-
01-484-CCB)

Submitted:  February 24, 2006       Decided:  March 15, 2006

Before WILLIAMS, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

Randolph O. Gregory, Sr., LAW OFFICE OF RANDOLPH O. GREGORY, SR., Baltimore, Maryland, for Appellant.  Thomas M. DiBiagio, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Harrison Lewis, III appeals his sentence of 150 months in prison and three years of supervised release, following his guilty plea to one count of bank robbery in violation of 18 U.S.C. § 2113(a), (f) (2000) (No. 03-4112), and the district court's order denying his pro se post-judgment motion to add a witness statement to the court record (No. 04-6660). Lewis's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and a supplemental brief asserting there were no meritorious grounds for appeal but raising the issues of whether Lewis was denied his Sixth Amendment right to counsel because his attorney did not attend his presentence interview and whether the district court abused its discretion at sentencing by not departing downward and by departing upward three offense levels for uncounted bank robberies. Lewis has filed pro se supplemental briefs raising additional issues and challenging his sentence under United States v. Booker, 543 U.S. 220 (2005). We affirm.

In his pro se supplemental brief, Lewis asserts his guilty plea is invalid because the district court failed to sua sponte hold a hearing to determine his competency. However, in any criminal case, "a competency determination is necessary only when a court has reason to doubt the defendant's competence." Godinez v. Moran, 509 U.S. 389, 401 n.13 (1993). We have reviewed

- 3 -

the record and conclude there was no reason for the district court to doubt Lewis's competency and this issue is without merit.

We next consider Lewis's claims that he received ineffective assistance of counsel. We will consider such claims on direct appeal only when it conclusively appears from the record that counsel failed to provide effective representation. See United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994). Even if Lewis's attorney did not attend his presentence interview, this could not constitute ineffective assistance because there is no Sixth Amendment right to counsel at the interview. See United States v. Hicks, 948 F.2d 877, 885 (4th Cir. 1991). Moreover, it does not conclusively appear from the record on appeal that Lewis received ineffective assistance of counsel.

Lewis's knowing and voluntary guilty plea precludes his pro se claims that he is actually innocent and that the district court denied him due process by failing to address pretrial motions challenging the Government's evidence. See United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (holding guilty plea constitutes a waiver of all nonjurisdictional defects). We also reject Lewis's claim that his indictment was defective because it was "missing the essential element of jurisdiction." Lewis's indictment alleged as required that the bank in question was insured by the FDIC on the date of the robbery. See Pigford v. United States, 518 F.2d 831, 833 (4th Cir. 1975). Finally, the

district court did not abuse its discretion in denying Lewis's post-judgment motion to add a witness statement to the court record.

We next consider Lewis's challenges to his sentence. Lewis stipulated in his plea agreement that he committed eighteen additional bank robberies and that he threatened death in three of them. Accordingly, the parties agreed the applicable offense level under U.S. Sentencing Guidelines Manual ("USSG") §§ 2B3.1, 3D1.4 (2002) was twenty-nine, which included enhancements for taking property of a financial institution, making a death threat, and committing more than five additional bank robberies. The Government agreed to recommend a three-level reduction for acceptance of responsibility. However, the Government notified Lewis that it would seek an upward departure based on thirteen "uncounted" bank robberies.

The sentencing court determined Lewis's offense level after reduction for acceptance of responsibility was twenty-six. With Lewis's criminal history category of IV, this would result in a sentencing range of 92 to 115 months. The Government requested an upward departure to a range of 151 to 188 months to account for the thirteen additional robberies, based either on an increase in offense level under USSG § 3D1.4 or the inadequacy of Lewis's criminal history score. Defense counsel agreed such a departure was within the court's discretion but objected to the extent of the

Government's request.  Lewis further requested a downward departure under USSG § 5K2.0 for providing information to a social services agency regarding a fellow prisoner.

The district court denied the downward departure as not appropriate, because the information Lewis provided was not critical and did not rise to the level of an exceptional circumstance warranting departure.  In contrast, the court found it was "an unusual circumstance" that thirteen additional bank robberies Lewis committed were not accounted for under the guidelines.  Accordingly, the court granted an upward departure under USSG § 3D1.4, but only to the extent of a three offense level increase, resulting in a range of 121 to 151 months.  While recognizing that a departure is encouraged "in the unusual case where the additional offenses resulted in a total of significantly more than 5 Units," USSG § 3D1.4 comment. (backg'd) (2001), the court was mindful of cases applying a "declining marginal punishment" for additional uncounted robberies.  See, e.g., United States v. MacLeod, 80 F.3d 860, 868 (3d Cir. 1996).  The court concluded that a three level increase in offense level resulted in a "reasonable incremental" increase in punishment for the additional uncounted bank robberies.

The district court concluded an upward departure was also appropriate under USSG § 4A1.3(e), which refers to prior uncharged similar adult offenses, because Lewis's criminal history category

of IV significantly under-represented the seriousness of his criminal conduct. Based on the substantial number of additional bank robberies, if the court were only looking at a criminal history category increase, the court found category VI would be appropriate. The resulting sentencing range would have been 120 to 150 months, which the court noted was very similar to the range it reached under USSG § 3D1.4.

The court sentenced Lewis at the high end of his guideline range because of the seriousness of his offenses and because he endangered other innocent people. Moreover, regardless of whether substance abuse or mental health treatment would be helpful, the court found the high end of the guideline range was appropriate to protect the community and to deter Lewis from further criminal conduct.

In his pro se supplemental brief, Lewis contends the district court erred under <u>Booker</u> by sentencing him under a mandatory guideline regime and by increasing his sentence based on facts found by the judge rather than by the jury. However, because Lewis stipulated to all the facts underlying his sentence, there was no Sixth Amendment violation. <u>See</u> <u>Booker</u>, 543 U.S. at ___, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable

doubt."). While the district court erred by treating the guidelines as mandatory,[*] Lewis failed to demonstrate his substantial rights were affected because there is no nonspeculative basis to conclude the court would have sentenced him to a lower term of imprisonment if the guidelines were advisory. See United States v. White, 405 F.3d 208, 211 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). We have considered the remaining issues raised in the pro se supplemental briefs and find them meritless.

Lewis further contends the district court abused its discretion in declining to depart downward based on information he gave to social services and departing upward based on the thirteen uncounted bank robberies. We conclude the district court did not abuse its discretion in departing upward three offense levels to account for thirteen uncounted bank robberies, and in declining the request for a downward departure.

After Booker, "the discretion of a sentencing court is no longer bound by the range prescribed by the guidelines." United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Nevertheless, courts must still consult the guidelines and take them into consideration in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West Supp. 2005). Booker, 543 U.S. at ___, 125

---

[*]Although it is now apparent in light of Booker that the district court erred by treating the guidelines as mandatory, we note that the court faithfully followed the law in effect at the time Lewis was sentenced.

S. Ct. at 767. "If the court imposes a sentence outside the guideline range, it should explain its reasons for doing so. . . . [W]e will affirm the sentence imposed as long as it is within the statutorily prescribed range and is reasonable." Hughes, 401 F.3d at 546-47 (citations omitted). The court explained its reasons for imposing a sentence outside Lewis's original guideline range. Because the sentence imposed is within Lewis's prescribed statutory range and is reasonable, we find no abuse of discretion.

In accordance with Anders, we have reviewed the entire record in this case and found no meritorious issues for appeal. We therefore affirm Lewis's conviction and sentence in No. 03-4112. We also affirm the district court's order denying Lewis's post-judgment motion to add a witness statement to the court record in No. 04-6660. We deny all of Lewis's various pro se motions in both appeals. We also deny the Government's request that we strike the supplemental brief of Lewis's counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED